**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PATRICK CORNWALL<br>812 FAIRFAX ROAD<br>DREXEL HILL, PA 19026<br>Plaintiff, | : | CIVIL ACTION<br>No: 2:21-cv-02456-CDJ<br><br>TRIAL BY JURY DEMANDED |
| v. | : | |
| DELAWARE COUNTY<br>201 W. FRONT STREET, 2ND FLOOR<br>MEDIA, PA 19063 | : | |
| THE GEO GROUP, INC.<br>500 CHEYNEY ROAD<br>THORNTON, PA 19373 | : | |
| CORRECT CARE SOLUTIONS LLC<br>1200 MOKYCHIC ROAD<br>COLLEGEVILLE, PA 19426 | : | |
| WELLPATH LLC<br>1200 MOKYCHIC ROAD<br>COLLEGEVILLE, PA 19426 | : | |
| JESSICA WILSON<br>500 CHEYNEY ROAD<br>THORNTON, PA 19373 | : | |
| QUETTA BROWN-YARSIA<br>500 CHEYNEY ROAD<br>THORNTON, PA 19373 | : | |
| S. MALLEY<br>500 CHEYNEY ROAD<br>THORNTON, PA 19373 | : | |
| CARL PIERCE<br>500 CHEYNEY ROAD<br>THORNTON, PA 19373 | : | |
| OSWALDO TAGLE MANRIQUE | : | |

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

1200 MOKYCHIC ROAD :
COLLEGEVILLE, PA 19426 :
:
JOSEPH WALSH :
1200 MOKYCHIC ROAD :
COLLEGEVILLE, PA 19426 :
:
JEANNE DEFRANGESCO :
1200 MOKYCHIC ROAD :
COLLEGEVILLE, PA 19426 :
:
SAEED BAZEL :
1200 MOKYCHIC ROAD :
COLLEGEVILLE, PA 19426 :
:
STEPHEN KAMINSKY :
1200 MOKYCHIC ROAD :
COLLEGEVILLE, PA 19426 :
:
PAULA PURNAVEL :
1200 MOKYCHIC ROAD :
COLLEGEVILLE, PA 19426 :
:
ANNA WAKEMAN :
1200 MOKYCHIC ROAD :
COLLEGEVILLE, PA 19426 :
:
& :
:
RONALD BURKHOLDER :
1200 MOKYCHIC ROAD :
COLLEGEVILLE, PA 19426 :
:
Defendants. :
______________________________________ :

**FIRST AMENDED COMPLAINT**

Plaintiff, Patrick Cornwall, by and through his attorney Brian Zeiger, Esq., hereby alleges the following:

**PARTIES**

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

1. Plaintiff, Patrick Cornwall is an adult male citizen, with a primary address of 812 Fairfax Road, Drexel Hill, PA 19026.

2. Defendant Delaware County, is an incorporated Municipality in Pennsylvania, located at 201 W. Front Street, 2nd Floor, Media, PA 19063.

3. Defendant the GEO Group, Inc. (hereinafter "the GEO Group"), has a principle business located at 500 Cheyney Road, Thornton, PA 19373.

4. Defendant Correct Care Sollutions LLC (hereinafter "Correct Care Solutions") and Wellpath LLC (hereinafter "Wellpath"), have a principle business located at 1200 Mokychic Road, Collegeville, PA 19426.

5. Defendants Jessica Wilson, Quetta Brown-Yarsia, S. Malley, and Carl Pierce, are adult citizens of Pennsylvania, with a business address of 500 Cheyney Road, Thornton, PA 19373, and are being sued in both their individual and official capacities.

6. Defendants Oswaldo Tagle Manrique, Joseph Walsh, Jeanne Defrangesco, Saeed Bazel, Stephen Kaminsky, Paula Purnavel, Anna Wakeman, and Ronald Burkholder, are adult citizens of Pennsylvania, with a business address of 1200 Mokychic Road, Collegeville, PA 19426, and are being sued in both their individual and official capacities.

7. At all times material hereto, the individual defendants acted under color of law and within the course and scope of their employment, pursuant to the customs, policies, practices, ordinances, regulations, and directives of the Delaware County, the Geo Group, and or Correct Care Solutions and Wellpath.

## JURISDICTION AND VENUE

8. This action is brought pursuant to 42 U.S.C. § 1983.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

9. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343.

10. Venue is proper pursuant to 28 U.S.C. § 1391 as all actions giving rise to this Complaint occurred in this district.

## FACTUAL BACKGROUND

### A. George W. Hill Correctional Facility

11. On or about April 24, 2019, Plaintiff became incarcerated at the George W. Hill Correctional Facility.

12. Based upon information and belief, the Defendants the Geo Group, Inc., Jessica Wilson, Quetta Brown-Yarsia, S. Malley, and Carl Pierce knew Plaintiff had a seizure disorder and was prescribed anti-seizure medication called phenobarbital.

13. On or about June 4, 2019, Defendant S. Mally signed a medication refusal for Plaintiff for the phenobarbital; Plaintiff did not sign the refusal.

14. Plaintiff denies refusing his anti-seizure medication on or about June 4, 2019.

15. On or about June 23, 2019, Plaintiff was not given his seizure medication.

16. Defendant Jennifer Wilson falsely filled out a medication refusal form.

17. Plaintiff never signed the medication refusal medication.

18. Plaintiff denies refusing his anti-seizure medication on or about June 23, 2019.

19. As a result of the denial of prescription medication, Plaintiff had a seizure.

20. As a result of the seizure, Plaintiff suffered a severe shoulder injury, which he later learned was a small, partial-thickness tears in the tendons of the rotator cuff.

21. Plaintiff was denied care for his injured shoulder.

22. Defendant Quetta Brown-Yarsiah evaluated Plaintiff after his seizure where Plaintiff

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

complained of pain to the right side of his upper body, denied care, and returned Plaintiff to his cell.

23. On or about September 2, 2019, Plaintiff requested medical treatment for his injured shoulder.

24. On December 30, 2019, Plaintiff filed a grievance that he was refused a dermatology appointment for a follow-up on his melanoma (skin cancer) because he had new spots on his face and head.

25. On January 11, 2020, January 12, 2020, January 22, 2020, and January 29, 2020, filed grievances that he was again denied his anti-seizure medication.

26. Finally, after eight month, on February 11, 2020, Plaintiff was given an MRI of his right shoulder that showed chronic changes to Plaintiff's right shoulder along with small, partial-thickness tears in the tendons of the rotator cuff. However, Plaintiff was not given any treatment for his shoulder injury.

27. Sometime thereafter, Plaintiff was transferred to SCI Phoenix.

**B. SCI Phoenix**

28. On or about March 13, 2020, Plaintiff was an inmate at SCI Phoenix, and his reception note related to this medical chart indicated that he had a right shoulder injury, low back injury, melanoma, and seizures. Further, Plaintiff's medical chart indicated he had active prescriptions for anti-seizure medications and for migraine headaches.

29. On or about March 22, 2020, Plaintiff was seen by Defendant Saiqa Mushtaq, who indicated on a chart that Plaintiff may be seeking sedating medications—i.e. Plaintiff was faking his physical medical issues.

30. On or about May 23, 2020, Plaintiff fell at SCI Phoenix and injured his hand.

31. Six days later, on May 29, 2020, Plaintiff was given an x-ray of his hand, and a fracture was located.

32. Plaintiff was treated by Defendants Oswaldo Tagle Manriquea and Joseph Walsh who did not given proper care for his hand.

33. Defendants Oswaldo Tagle Manriquea and Joseph Walsh did not properly set and cast Plaintiff's hand.

34. Once the cast was removed from Plaintiff's hand, the Defendants Oswaldo Tagle Manriquea and Joseph Walsh recognized and acknowledged to Plaintiff that Plaintiff's hand was incorrectly set.

35. Plaintiff's hand is now permanently disfigured as a result of acts and omissions of the Defendants, as evinced by a note on his medical chart from January 21, 2021 showing Plaintiff has an "old, healed fracture deformity distal head 5th metacarpal bone".

36. On June 15, 2020 and June 17, 2020, Plaintiff was denied migraine medication for headaches for no known reason.

37. Plaintiff has a severe history of migraines and seizures, and the denial of his migraine medicine caused Plaintiff great debilitating pain and suffering.

38. On June 25, 2020, Defendant Jeanne Defrangesco claimed she was unable to see any evidence of skin cancer and encouraged Plaintiff to go to the commissary and purchase sun block, even though on Plaintiff's chart for March 13, 2020 and June 17, 2020 there is a clear indication of a melanoma.

39. On July 12, 2020, Plaintiff grieved that he was not given a dermatologist appointment to

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

treat his skin cancer.

40. On July 23, 2020, Plaintiff was seen by defendant Saeed Bazel, who documented a seborrheic small lesion on the Plaintiff's face to the right of his nose, slow growing for 3-4 months, but did not give Plaintiff any dermatological treatment.

41. Throughout July and August of 2020, Plaintiff grieved he was not receiving anti-seizure medication and migraine medication. On July 19, 2020, a note was made to Plaintiff's chart indicating his migraine medicine was not available.

42. Further, Plaintiff complained and grieved of mouth ulcers during the period of his incarceration at SCI-Phoenix.

43. Based upon information and belief, Plaintiff was treated for the mouth ulcers by Defendants Stephen Kaminsky, Paula Purnavel, Jeanne DeFrangesco, Anna Wakeman, and Ronald Burkholder.

44. Based upon information and belief, the treatment given to Plaintiff for the mouth ulcers was woefully inadequate, and Plaintiff believes he was misdiagnosed by the above Defendants.

45. Plaintiff believes, and therefore avers, he has Sjogren's Syndrome, and was not given the proper diagnosis and/or treatment.

46. As a result of the lack of care, Plaintiff believes he will lose his teeth.

47. Further, based upon information and belief, Plaintiff avers he has skin cancer on his face that could have been avoided had he been given proper treatment while at SCI – Phoenix; and, the skin cancer is worsening as a result of the denial of care.

48. As of the date of filing the instant matter Plaintiff has permanent damage to his right shoulder, his hand is now malformed, he has worsening skin cancer, continual mouth ulcers, and

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

full blown Sjogren's Syndrome.

49. Upon information and belief, Defendants Delaware County, the Geo Group, Correct Care Solutions and Wellpath, de facto custom, custom, and practice is to provide the minimum amount of medical care and treatment to inmates they treat.

50. Upon information and belief, Defendants Delaware County, the Geo Group, Correct Care Solutions and Wellpath have a de facto custom, custom, or policy of failing to properly review complaints, grievances, and medical complaints to ensure inmates get proper medical care and treatment.

51. Upon information and belief, the individual Defendants have a de facto custom, custom, or policy of failing to properly review complaints, grievances, and medical complaints to ensure inmates get proper medical care and treatment.

52. Upon information and belief, the failure to properly review complaints, grievances, and medical complaints, show the Defendants Delaware County, the Geo Group, Correct Care Solutions and Wellpath and the individual Defendants are deliberately indifferent, condone and ratify behavior, or adopt an unofficial policy or de-facto custom, of providing inadequate medical care to inmates.

53. In the alternative, if paperwork and records are not being created in regards to complaints, grievances and medical complaints, there exists a de-facto custom, custom, or policy of not properly documenting complaints, grievances and medical complaints, again showing a de facto custom, custom or policy of not providing proper medical care to inmates at George W. Hill Prison and SCI-Phoenix, by all of the Defendants.

**COUNT I -**

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

**VIOLATION OF 42 U.S.C. § 1983**
**ALL DEFENDANTS**

54. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

55. Defendants' actions were undertaken as part of the execution of a custom, policy, and/or practice that violated Plaintiff's civil rights.

56. Defendants' actions were taken under color of state law, are state actions under 42 U.S.C. §1983, and have deprived Plaintiff of his rights, privileges, and/or immunities secured by the Constitution and laws of the United States, including his right to bodily integrity and his right to medical care.

57. Defendants also violated Plaintiff's constitutional rights under the Eighth Amendment of the United States Constitution, being deliberately indifferent to his medical care.

58. On information and belief, the aforesaid actions of Defendants were taken intentionally, willfully, and/or with deliberate indifference to, or reckless disregard for, the rights secured to the Plaintiffs. Defendants' actions as stated herein denied Plaintiffs' rights in violation of the United States Constitution and 42 U.S.C. § 1983.

59. Defendants also violated the Plaintiff's rights by conspiring to deprive Plaintiff him Due Process Rights of Access to Court—employees of the GEO Group, Delaware County, and Correct Care Solutions, and Wellpath have conspired to conceal their identities to evade being sued.

60. Defendants' actions were a factual cause of and/or directly and proximately caused Plaintiff's substantial damages and harm.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

**WHEREFORE**, Plaintiff demands judgment against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Three Hundred Thousand ($300,000.00) Dollars together with compensatory damages, delay damages, interest, costs and attorneys' fees and punitive damages (Plaintiff is not seeking punitive damages against Defendant Delaware County).

**COUNT II:**
**EIGHTH AMENDMENT – PURSUANT TO 42 U.S.C § 1983**
**DENIAL OF MEDICAL CARE AND FAILURE TO PROTECT**
**PLAINTIFF V. ALL DEFENDANTS**

61. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

62. Plaintiff had various medical conditions known to Defendants including denial of anti-seizure medication, denial of migraine headache medication, a severe shoulder injury, a broken hand, skin cancer, mouth ulcers, and Sjogren's Syndrome.

63. At the time of his detention, the individual Defendant employees knew or should have been aware of the decedent's medical conditions.

64. The decedent repeatedly informed the individual Defendants of his conditions and that he needed treatment.

65. Plaintiff notified the individual Defendants that he needed anti-seizure medication, migraine medication, treatment for his injured shoulder, broken hand, skin cancer, and mouth ulcers.

66. The Defendants failed to provide the Plaintiff with adequate care as evidenced by the

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

factual allegations *supra*.

67. As a direct and proximate cause of Defendants' actions, or lack of actions, the Plaintiff has been severely injured.

**WHEREFORE**, Plaintiff demands judgment against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Three Hundred Thousand ($300,000.00) Dollars together with compensatory damages, delay damages, interest, costs and attorneys' fees and punitive damages (Plaintiff is not seeking punitive damages against Defendant Delaware County).

**COUNT III:**
**MONELL CLAIM UNDER 42 U.S.C. § 1983**
**PLAINTIFF V. DEFENDANTS DELAWARE COUNTY & the GEO GROUP**

68. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

69. Defendants Delaware County and GEO established, knew of, and acquiesced to policies, procedures, and customs that Defendants Delaware County and GEO knew or should have known would lead to violations of citizens' constitutional rights.

70. Defendants Delaware County and GEO acted with deliberate indifference to the consequences when establishing and enforcing inadequate policies, procedures, and customs.

71. Defendants Delaware County and GEO knew or should have known that its employees engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the Plaintiff, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice and therefore acquiesced in, and were

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

deliberately indifferent to, the aforementioned unconstitutional conduct and policy.

72. By failing to take action to stop or limit the policy and/or custom and/or practice by remaining deliberately indifferent to the systematic abuse which occurred in accordance with and as a direct and proximate result of the policy, custom, or practice, Defendants Delaware County and GEO condoned, acquiesced in, participated in, and perpetrated the policy, custom, or practice in violation of the Plaintiff's rights under the Eighth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

73. The conduct of Defendants Delaware County and GEO and/or the conduct of defendants' employees or agents, and/or policy makers for the Delaware County and GEO were a factual cause of and/or the cause of the harm and damages sustained by Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Three Hundred Thousand ($300,000.00) Dollars together with compensatory damages, delay damages, interest, costs and attorneys' fees and punitive damages (Plaintiff is not seeking punitive damages against Defendant Delaware County).

**COUNT IV:**
**NEGLIGENCE (GENERALLY)(PENNSYLVANIA LAW) –**
**PLAINTIFF V. DEFENDANTS GEO GROUP, CORRECT CARE SOLUTIONS, and WELLPATH LLC AND ALL INDIVIDUAL DEFENDANTS**

74. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

75. Defendants owed decedent a duty of care.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

76. Defendants breached their duty of care to decedent.

77. The negligent and reckless conduct of the individual defendants, in the course and scope of their employment with Delaware County, The Geo Group, Correct Care Solutions, and/or Wellpath and/or as the agent of Delaware County, The Geo Group, Correct Care Solutions, and/or Wellpath, consists of the following:

    a. negligently and recklessly failing to properly to provide anti-seizure medication to Plaintiff;

    b. negligently and recklessly failing to properly provide migraine headache medication to Plaintiff;

    c. negligently and recklessly failing to properly provide treatment for a severely injured shoulder to Plaintiff;

    d. negligently and recklessly failing to properly provide treatment to Plaintiff for a broken bone in his hand;

    e. negligently and recklessly failing to properly provide treatment to Plaintiff for skin cancer;

    f. negligently and recklessly failing to properly provide treatment to Plaintiff for mouth ulcers;

    g. negligently and recklessly failing to properly provide treatment to Plaintiff for Sjogren's Syndrome;

    h. negligently and recklessly failing to properly maintain and properly monitor Plaintiff's records in order to discover medical issues, causes, and conditions to be treated with necessary medical care and medication.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

i. negligently and recklessly failing to provide appropriate medical supervision to Plaintiff

j. negligently and recklessly not monitoring Plaintiff's medical conditions while in their care.

78. As a direct and proximate cause of Defendants' negligence, decedent experienced significant pain and suffering.

79. As a direct and proximate cause of Defendants' negligence, has permeant injuries, both physical and emotional.

**WHEREFORE**, Plaintiff demands judgment against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Three Hundred Thousand ($300,000.00) Dollars together with compensatory damages, delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT V: MEDICAL NEGLIGENCE (PENNSYLVANIA LAW) – PLAINTIFF V. DEFENDANTS MANRIQUE, WALSH, KAMINSKY, PURNVEL, DEFRANGESCO, WAKEMAN, BURKHOLDER, and BAZEL.

80. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

81. Defendants Manrique, Walsh, Kaminsky, Purnvel, DeFrangesco, Wakeman, Burkholder, and Bazel owed Plaintiff a duty of care in regard to his broken hand.

82. Defendants Manrique, Walsh, Kaminsky, Purnvel, DeFrangesco, Wakeman, Burkholder, and Bazel breached the duty of care owed to decedent.

83. The negligent conduct of Defendants Manrique, Walsh, Kaminsky, Purnvel, DeFrangesco, Wakeman, Burkholder, and Bazel in course and scope as the medical providers at SCI-Phoenix prison consisted of:

   a. negligently and recklessly failing to properly provide medical care and treatment Plaintiff and failing to properly evaluate Plaintiff's medical issues and needs;

   b. negligently failing to properly examine and treat Plaintiff's hand;

   c. failing to perform proper testing on Plaintiff's broken hand

   d. failing to properly diagnosis Plaintiff's medical ailment;

   e. negligently and recklessly failing to properly set Plaintiff's hand;

   f. negligently and recklessly failing to properly cast Plaintiff's hand;

   g. negligently and recklessly failing to properly monitor and treat Plaintiff's fractured hand;

   h. negligently failing to recognize Plaintiff's hand had been set and cast incorrectly, leading to permanent disfigurement; and

   i. failing to properly refer Plaintiff to the appropriate doctor or specialist for his fractured hand;

   j. negligently and recklessly failing to properly provide treatment to Plaintiff for skin cancer;

   k. negligently and recklessly failing to properly provide treatment to Plaintiff for mouth ulcers;

   l. negligently and recklessly failing to properly provide treatment to Plaintiff for Sjogren's Syndrome.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

84. As a direct and proximate cause of Defendants' negligence, decedent experienced significant pain, suffering and permanent disfigurement.

**WHEREFORE**, Plaintiffs demands judgment against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Three Hundred Thousand ($300,000.00) Dollars together with compensatory damages, delay damages, interest, costs and attorneys' fees and punitive damages.

**COUNT VI:**
**VICARIOUS LIABILITY—RESPONDEAT SUPERIOR**
**PLAINTIFF V. DEFENDANTS the GEO GROUP, CORRECT CARE SOLUTIONS, and WELLPATH**

85. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length

86. The negligence of Defendants Geo Group, Correct Care Solutions, and Wellpath, by and through their agents, servants, and/or employees, within the course and scope of their agency and employment.

87. Upon information and belief, Defendants Geo Group, Correct Care Solutions, and Wellpath, employed or hired the individual defendants to provide medical services at the George W. Hill Prison and SCI-Phoenix on their behalf.

88. The individual employees were providing medical services at the time of the incident during the course of and within the scope of their employment.

89. The individual defendants' medical services were for the purpose of benefiting Defendants Geo Group, Correct Care Solutions, and Wellpath.

90. Plaintiff makes a claim for such injuries, damages, and consequences resulting from the

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

in the individual Defendants negligence as outline above, which Defendants Geo Group, Correct Care Solutions, and Wellpath are vicariously liable.

**WHEREFORE**, Plaintiffs demands judgment against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Three Hundred Thousand ($300,000.00) Dollars together with compensatory damages, delay damages, interest, costs and attorneys' fees and punitive damages.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to each count and each Defendant.

RESPECTFULLY SUBMITTED,

November 19, 2021
DATE

/s/Brian Zeiger______________

BRIAN ZEIGER
IDENTIFICATION NO.: 87063
LEVIN & ZEIGER, LLP
TWO PENN CENTER
1500 JFK BLVD STE 620
PHILADELPHIA, PA 19102
215.546.0340
zeiger@levinzeiger.com