IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| PATRICK CORNWALL | CIVIL ACTION |
|---|---|
| v. | NO. 21-2456 |
| DELAWARE COUNTY, et al. | |

**MEMORANDUM RE: DEFENDANTS' MOTIONS TO DISMISS**

**Baylson, J.**                                                                                                           **September 16, 2022**

This civil rights/common law action concerns medical care that Plaintiff Patrick Cornwall did or did not receive while incarcerated at the George W. Hill Correctional Facility in Thornton, Pennsylvania and SCI Phoenix in Collegeville, Pennsylvania. Plaintiff alleges various claims under 42 U.S.C. § 1983 and state tort law against Defendants Delaware County, The Geo Group, Inc., Correct Care Solutions LLC, Wellpath LLC, Jessica Wilson, Quetta Brown-Yarsia, S. Malley, Carl Pierce, Oswaldo Tagle Manrique, Joseph Walsh, Jeanne DeFrangesco, Saeed Bazel, Stephen Kaminsky, Paula Purnavel, Anna Wakeman, and Ronald Burkholder. Before the Court are five motions to dismiss (ECF 25, 30, 35, 36, 41). For the following reasons, the Motions will be granted, will be granted in part and denied in part.

I. **Alleged Facts**

   A. **Alleged Medical Treatment While Incarcerated at the George W. Hill Correctional Facility (2019 – 2020)**

On or about April 24, 2019, Plaintiff was incarcerated the George W. Hill Correctional Facility. Compl. ¶ 11. On or about June 4, 2019, Malley signed a medication refusal form for Plaintiff for phenobarbital, an anti-seizure medication, which had been prescribed to Plaintiff to treat his seizure disorder. Id. at ¶ 12. Plaintiff denies refusing the phenobarbital and did not sign

1

a medication refusal.  Id. at ¶¶ 13-14.  On approximately June 23, 2019, Plaintiff was not given his anti-seizure medication.  Id. at ¶ 15.  Wilson completed a medication refusal form; however, Plaintiff did not refuse his anti-seizure medication and never signed a medication refusal form.  Id. at ¶¶ 15-17.  Plaintiff subsequently suffered a seizure, and, as a result, "sever[ly]" injured his right shoulder.  Id. at ¶¶ 19-20.  Following the seizure, Brown-Yarsiah evaluated Plaintiff for "pain to the right side of his upper body" but "denied care" and "returned [him] to his cell."  Id. at ¶ 22.  On or about September 2, 2019, Plaintiff requested medical treatment for his injured shoulder.  Id. at ¶ 23.  He received an MRI of his right shoulder on February 11, 2020; the MRI showed "chronic changes" and "small, partial-thickness tears in the tendons of the rotator cuff."  Id. at ¶ 26.  Plaintiff was again denied his seizure medicine four (4) times in January 2020.  Id. at ¶ 25.

On or about December 30, 2019, Plaintiff filed a grievance that he was refused a dermatological appointment for a follow-up on his melanoma diagnosis, as he had "new spots on his fact and head."  Id. at ¶ 24.

### B. Alleged Medical Treatment While Incarcerated at SCI Phoenixville

In approximately February or March of 2020, Plaintiff was transferred to SCI Phoenixville.  Id. at ¶ 27.  Upon his transfer, his medical chart indicated that he had a right shoulder injury, low back injury, melanoma, and seizures.  Id. at ¶ 28.  His chart also indicated that he had "active prescriptions" for anti-seizure medications and for migraine headaches.  Id.  On or about March 22, 2020, Plaintiff was seen by Defendant Mushtaq, who indicated on Plaintiff's chart that Plaintiff may be faking his physical medical issues to seek sedating medications.  Id. at ¶ 29.

On or about May 23, 2020, Plaintiff fell and injured his hand.  Id. at ¶ 30.  An x-ray was taken six days later that showed a fracture.  Id. at ¶ 31.  Defendants Manrique and Walsh set and cast Plaintiff's fractured hand, which they allegedly acknowledged, upon removing the cast, had

been set improperly. Id. at ¶¶ 32-34. Plaintiff now suffers permanent disfigurement of his hand. Id. at ¶ 35.

In June 2020, Plaintiff was denied migraine medication on two occasions, both for unknown reasons. Id. at ¶ 36. The denial of the medication caused him "great debilitating pain and suffering." Id. at ¶ 37. Plaintiff complained throughout July and August 2020 that he was no receiving his migraine medicine, nor he anti-seizure medicine. Id. at ¶ 41. On July 19, 2020, a note was entered into Plaintiff's chart that his migraine medication was unavailable. Id.

Also in June 2020, Plaintiff was seen by Defendant DeFrangesco, who was unable to spot evidence of skin cancer and encouraged plaintiff to buy sunscreen. Id. at ¶ 38. Plaintiff complained that he was not given a dermatological appointment. Id. at ¶ 39. In July 2020, he was seen by Defendant Bazel, who noted a slow-growing, seborrheic small lesion on Plaintiff's face, but did not otherwise provide dermatological treatment. Id. at ¶ 40. Plaintiff alleges that he has worsening skin cancer on his face that could have been avoided had he been properly treated at SCI Phoenixville. Id. at ¶ 47.

Plaintiff also developed mouth ulcers while at SCI Phoenixville. Id. at ¶ 43. Defendants Kaminsky, Purnavel, DeFrangesco, Wakeman, and Burkholder treated his mouth ulcers, but Plaintiff alleges his treatment was "woefully inadequate" and he was misdiagnosed. Id. at ¶¶ 43-45. As a result of the alleged misdiagnosis and mistreatment, Plaintiff has continual mouth ulcers and believes that he will lose his teeth. Id. at ¶¶ 46, 48.

## II. Procedural History

Plaintiff initiated the instant action on May 28, 2021. See Compl. (ECF 1). Defendants filed several motions to dismiss; in lieu of a response, Plaintiff filed an Amended Complaint on November 19, 2021, alleging the following claims:

1. "Violation of 42 U.S.C. § 1983," as to all Defendants (Count I);

2. Denial of medical care and failure to protect, in violation of the Eighth Amendment, pursuant to § 1983, as to all Defendants (Count II);

3. <u>Monell</u> claim, pursuant to § 1983, as to Defendants Delaware County and The Geo Group, Inc. (Count III);

4. Negligence, as to all Defendants except for Delaware County (Count IV);

5. Medical negligence, as to Defendants Manrique, Walsh, Kaminsky, Purnvel, DeFrangesco, Wakeman, Burkholder, and Bazel (Count V); and

6. Vicarious liability, as to Defendants The Geo Group, Correct Care Solutions, and Wellpath (Count VI).

<u>See</u> Am. Compl. (ECF 20) ¶¶ 54-90. On December 6, 2021, Judge Jones denied the prior motions to dismiss as moot. <u>See</u> Order (ECF 27). Defendants again moved to dismiss, and pending before the Court are the following motions:

1. Defendants The Geo Group, Delaware County, Brown, and Pierce's Motion to Dismiss Counts I, II, III, and IV (ECF 25);

2. Defendants Wellpath, Correct Care Solutions, Manrique, Walsh, DeFrangesco, Bazel, Kaminsky, and Purnavel's Motion to Dismiss Counts II, III, IV, V, and VII (ECF 30);

3. Defendant Wilson's Motion to Dismiss Counts I, II, and IV (ECF 35);

4. Defendant The Geo Group, Delaware County, Brown, and Pierce's Motion to Dismiss Counts IV and VI (ECF 36);

5. Defendant Malley's Motion to Dismiss Counts I, II, and IV (ECF 41).

Subsequent to Plaintiff filing briefs in opposition, see ECF 29, 32, 43, 44, the case was reassigned from Judge Jones' docket. See Order, dated June 21, 2022 (ECF 47).

### III. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). To survive the motion, a plaintiff must "plead 'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### IV. Discussion

#### A. Section 1983 and Eighth Amendment Claims (Counts I - II)

Plaintiff's Complaint is sufficiently detailed with facts and compliance with Twombly/Iqbal, as to the various acts and omissions which Plaintiff alleges took place at both penal institutions and his injuries that resulted from the conduct of the defendants. The Court notes that Counts I & II are brought against all defendants, but this ruling to deny the Motions to Dismiss only applies to the individual defendants, and not to entity defendants.

#### B. Monell Claim (Count III)

Plaintiff's Monell Claim is a based on the usual allegations of custom, pattern, and practice followed by the entity defendants, that the governmental units (or agents acting and

operating the penal institution on behalf of a governmental unit) violated Plaintiff's constitutional rights.  The allegations in Count III are very conclusory and are without the requisite detail to allow the Plaintiff to proceed.  The Plaintiff has cited an Opposition to the Motion to Dismiss Count III, <u>Roman v. City of Newark</u>, 914 F. 3d. 789 (3d Cir. 2019).  Upon review of that recent precedential decision, it summarizes allegations in that Complaint reciting a long list of historical and current facts, including a consent decree entered into by the City of Newark, the appointment of a monitor for a police department, newspaper articles, etc., and other detailed factual material.

This Court rejects the Plaintiff's arguments that his <u>Monell</u> allegations are sufficient.  This Court has consistently for many years not allowed <u>Monell</u> claims to proceed in the absence of specific detailed facts concerning the allegedly improper pattern or practice. This policy of requiring <u>Monell</u> claims to be supported by factual allegations sufficient to meet the <u>Twombly/Iqbal</u> precedent, is very sound.  Many police departments have training, and policies about Fourth Amendment rights, etc. Occasionally individual law enforcements officers may commit acts or omissions that violate those principles.  The Supreme Court has made it clear that governmental entities are not liable in the absence in the proof of a pattern or practice.

To allow conclusionary <u>Monell</u> allegations to be sufficient would impose great expense for a governmental unit to defend every claim, even those without any basis in fact.  Plaintiff has not done the requisite research and investigation.  With access to the internet and newspaper reports, a Plaintiff's lawyer who wishes to pursue a <u>Monell</u> Claim has to do some "homework" to allege specific facts, instead of conclusionary allegations, such as relied on by Plaintiff in this case.  Plaintiff will be given one more opportunity to adequately allege a <u>Monell</u> Claim.

### C. Implications of Plaintiff's Failure to File a Certificate of Merit (Counts IV - VI)

Defendants argue that Counts IV, V, and VI must be dismissed because Plaintiff failed to file a Certificate of Merit pursuant to Rule 1042.3 of the Pennsylvania Rules of Civil Procedure. Under Pennsylvania law, a plaintiff alleging "that a licensed professional deviated from an acceptable professional standard" must file a certificate of merit within sixty (60) days of filing a complaint. Pa. R. Civ. P. 1042.3. "The certificate must attest either that an appropriate licensed professional supplied a written statement that there exists a reasonable probability that the care provided fell outside acceptable professional standards, or that expert testimony of an appropriate licensed professional is unnecessary." Regassa v. Brininger, No. 20-2642, 2021 WL 4738820, at *3 (3d Cir. Oct. 12, 2021) (NPO) (citing Pa. R. Civ. P. 1042.3(a)(1) & (3)). Rule 1042.3's requirement is a substantive rule and must be applied by federal courts. Id. (citing Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 264-65 (3d Cir. 2011)). "A defendant seeking dismissal based on the failure to file a certificate of merit must serve the opposing party with a notice of its intention at least 30 days before moving for dismissal." Id. (citing Pa. R. Civ. P. 1042.7(a) and Schmigel v. Uchal, 800 F.3d 113, 121-24 (3d Cir. 2015)).

Plaintiff does not dispute that he has failed to provide a certificate of merit, nor does he dispute that he was provided notice of Defendants intent to move for dismissal on that ground. On those grounds, he concedes his claim of medical negligence (Count V) should be dismissed without prejudice. See Resp. (ECF 44). However, he contests that the certificate of merit requirement extends to his claims of ordinary negligence (Count IV) and vicarious liability (Court VI).

Although Pennsylvania law generally does not require a Plaintiff to file a certificate of merit for ordinary negligence, see Doe v. Hosp. of Univ. of Pa., 546 F. Supp. 3d 336, 344 (E.D. Pa. 2021) (citing Smith v. Friends Hosp., 928 A.2d 1072, 1076-77 (Pa. Super. Ct. 2007)),

7

Plaintiff's argument is without merit. Count IV relies on ten (10) instances where Defendants, all of whom are either medical professionals or organizations, "negligently and recklessly" failed to provide Plaintiff with certain medical treatment. These ten (10) instances are largely duplicative of the list of twelve (12) instances upon which Plaintiff bases his claim of medical negligence. See Compl. ¶ 77. Because a certificate of merit is required for "any action based upon an allegation that a licensed professional deviated from an acceptable professional standard," Plaintiff's failure to comply with Rule 1042.3 is also fatal to his claim of ordinary negligence. See DeLeon v. Marsh, No. 21-289, 2022 WL 2678657, at *6 (M.D. Pa. July 11, 2022) ("Because the negligence of a medical professional is not a matter that is within the ordinary knowledge of a layperson, expert testimony is ordinarily required to establish the standard of care to which the defendant medical professional must conform his conduct. Thus, by its very nature, a negligence action against a medical professional is an action alleging that that professional "deviated from an acceptable professional standard," and a certificate of merit is therefore required.") (citing Toogood v. Rogal, 824 A.2d 1140, 1145 (Pa. 2003) and Pa. R. Civ. P. 1042.3). This same reasoning applies to Court VI.

      For the reasons stated above, Counts III and IV – VI are dismissed without prejudice, with leave to replead consistent with these rulings.

## V. Conclusion

      For the foregoing reasons, the Motions are denied in part and granted in part. An appropriate Order follows.